UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN LEE FOSTER,<br><br>Plaintiff,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>Defendants. | Case No. 24-cv-00538 EJD (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, who is currently detained at Monterey County Jail, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against Governor Gavin Newsom. The Court dismissed the complaint with leave to amend to correct the deficiencies of the pleading. Dkt. No. 10. Plaintiff filed an amended complaint. Dkt. No. 12.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff names Governor Gavin Newsom, and California Highway Patrol Officers Cody Gil and S. Shaeffer-Bernhard as defendants.  Dkt. No. 12 at 2.  Plaintiff alleges that on August 8, 2022, he entered the state capitol and was arrested without probable cause.  Id.  Plaintiff states that when he asked the officer if they were arresting him "for the Governor, one of the officers stated yes."  Id. at 3.  Plaintiff states that he was writing a complaint "when he was suddenly surrounded by the officers who then made the false arrest."  Id.  As relief, Plaintiff seeks "all assets and liabilities, all current income and expenditures, all executory contract and unexpired leases, and a statement of financial affairs."  Id.

Liberally construed, Plaintiff states a claim based on a false or unlawful arrest.  See Pierson v. Ray, 386 U.S. 547, 555-558 (1967).  However, it is unclear whether he can proceed with this claim because it may be barred.  In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  See id. at 487.  Heck generally bars claims challenging the validity of an arrest or prosecution.  See Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (Heck bars plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him).

2

Plaintiff shall be granted leave to file a second amended complaint, to attempt to show that this false arrest claim is not Heck barred. He may do so by showing either that he was not subsequently charged and convicted of a crime in connection with that arrest, such that the lawfulness of a conviction or sentence is not called into question, or that the related conviction or sentence has since been invalidated. If Plaintiff is unable to do so, then the false arrest claim must be dismissed as barred by Heck.

Furthermore, Plaintiff's request for relief is unclear as it is not readily apparent how the requested financial statements and documents would remedy any injury he suffered due to Defendants' alleged actions. Accordingly, Plaintiff should request specific and appropriate relief in the form of damages, declaratory relief, and/or injunctive relief in the second amended complaint.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The amended complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file a second amended complaint to attempt to correct the deficiencies discussed above, specifically to state specific and appropriate relief and to address the potential Heck bar. The second amended complaint must include the caption and civil case number used in this order, Case No. 24-cv-00538 EJD (PR), and the words "SECOND AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

The second amended complaint supersedes the original and amended complaints, these being treated thereafter as non-existent. Ramirez v. Cty. Of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in the second amended complaint are no longer claims and defendants not named therein are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992).

2. **Failure to respond in accordance with this order in the time provided will result in dismissal with prejudice of this action for failure to state a claim, without further notice to Plaintiff.**

3. The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: July 22, 2024

EDWARD J. DAVILA
United States District Judge